UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAVID FLORES JR ET AL**             **CASE NO.  2:21-CV-04021**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**SOUTHERN RESPONSE SERVICES INC      MAGISTRATE JUDGE KAY
ET AL**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 31] filed by Southern Response Services, Inc. ("SRS") and seeking dismissal of the claims against it pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service. Plaintiffs oppose the motion. Doc. 35.

### I.
### BACKGROUND

This suit arises from work done by plaintiffs David Flores, Jr. and Matthew Sirmon for SRS, a subcontractor of Belfor USA Group, Inc. ("Belfor"). Plaintiffs allege that they were hourly, non-exempt employees of defendants who were hired as general laborers following Hurricane Laura in 2020. They further allege, *inter alia*, that defendants failed to pay them the rates for which they contracted and to honor agreements relating to their expenses and compensation for commute times. Doc. 1, att. 1.

Plaintiffs filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, against Belfor and SRS on September 23, 2021, raising several claims against

both defendants including violations of the Fair Labor Standards Act ("FLSA") and Louisiana Wage Payment Act ("LWPA"). *Id.* They also raise claims of breach of employment contract and detrimental reliance against SRS alone.[1] *Id.* at ¶¶ 123–39. Finally, they seek to represent a class consisting of a following on their claims:

> All former employees of the Defendants between August 2020 and December 2020, who came to Lake Charles to provide labor arising from Hurricane Laura, who suffered economic damages as a result of the acts and/or omissions of the named Defendants' mismanagement and for failure to pay wages, seeking recovery of unpaid overtime wages, engaged in unlawful business practices from David Flores, Jr., Matthew Sirmon and its members.

*Id.* at ¶ 18 (*sic*).

Belfor was served through its registered agent on October 25, 2021, and removed the matter to this court on the basis of federal question jurisdiction on November 19, 2021. Doc. 1. Plaintiffs also attempted service on SRS through Louisiana's long-arm statute by mailing a certified copy of the petition and citation on October 21, 2021, to the registered office address on file with the Alabama Secretary of State, at 10336 Old Highway 43, Creola, AL 36525. Doc. 8, att. 6. However, this mail was returned marked as vacant on November 3, 2021. *Id.* On that date plaintiffs attempted service by mailing the same forms the office address listed on SRS's company website, at 5809 U.S. Highway 43, Satsuma, AL 36572. *Id.* This mailing was returned marked "Return to Sender" on November 13, 2021. *Id.*

---

[1] In an amended complaint they added a claim under Louisiana worker's compensation law based on defendants' alleged retaliatory discharge of Flores after he was injured on the job. *Id.* at pp. 86–87.

Meanwhile, plaintiffs moved to remand the case to state court based on Belfor's failure to obtain consent to removal from SRS. Doc. 8. The magistrate judge recommended that the motion be denied on the grounds that Belfor was not obligated to obtain the consent of a codefendant when there was nothing in the record to indicate it had been served, and the court has adopted that recommendation. Doc. 38. Belfor also filed a cross-claim against SRS, with which it received a summons that it returned as executed on May 3, 2022. Docs. 24–26. SRS then filed a motion to dismiss Belfor's cross-claim pursuant to Rule 12(b)(6), as well as the instant motion requesting dismissal of plaintiffs' claims for failure to effect service. Docs. 31, 32.

In its reply in support of this motion SRS explains that the Satsuma, Alabama, address to which delivery was attempted is the office location of SRS but that CEO and principal Cynthia Duke was not at the location during that time. Doc. 36. Specifically, Mrs. Duke states that she and her husband were both admitted to the hospital with COVID-19 in August 2021. Doc. 36, att. 1, ¶ 6. Mr. Duke eventually died as a result of the disease. *Id.* at ¶ 7. Mrs. Duke was discharged after a couple of weeks but remained at home recuperating and did not return to work full-time at SRS's headquarters until January 2022. *Id.* at ¶¶ 7–8. During that time, however, Mrs. Duke states that she was monitoring SRS's mail and never received notice from the United States Postal Service of plaintiffs' mailing. *Id.* at ¶ 9. She also states that, for months preceding the delivery attempt of plaintiffs' petition, SRS had difficulty with delivery of its U.S. mail and has never received a satisfactory explanation from USPS. *Id.* at ¶¶ 10–11.

## II.
## LAW & APPLICATION

### A. Legal Standards

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

### B. Application

The Louisiana Long-Arm Statute allows service on non-resident defendants by mailing a certified copy of the summons and complaint by certified mail or commercial courier. La. Rev. Stat. § 13:3204(A). As the Eastern District recently emphasized, the plaintiff's duty is fulfilled by ensuring delivery rather than receipt:

> Where there is no doubt as to the correctness of a non-resident defendant's address, and service was "sent" to that address by certified or registered mail, service is effective against that defendant under the statute. *See Matt v. Culpepper*, No. 14-1464, 2014 WL 5816930, at *2–3 (E.D. La. Nov. 7, 2014) (Fallon, J.); *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. App. 1st Cir. 2000) ("[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."); *Decca Leasing Corp. v. Torres,* 465 So. 2d 910 (La. Ct. App. 3d Cir. 1985) ("[T]he law is clear that a defendant may not be allowed to defeat valid service by merely refusing to accept the letter containing the citation.").

*Walker v. Dupart*, 2021 WL 2930728, at *2 (E.D. La. Jul. 12, 2021). The long-arm statute does not require proof of receipt by signature when service is made by certified mail, as long as there is no doubt as to the address. *Matt*, 2014 WL 5816930 at *2–*3. Here SRS has admitted that the Satsuma, Alabama, address was the correct one. Difficulties with the mail at that address and any mistake arising from Mrs. Duke's personal absence from the premises cannot serve to defeat service accomplished by proper mailing. Accordingly, service was effective on SRS as of the attempted delivery in November 2021.

# III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 31] will be **DENIED** and SRS will be granted an additional three-week grace period from the date of this ruling to file an answer to plaintiffs' claims.

**THUS DONE AND SIGNED** in Chambers on the 29th day of August, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE