UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


**DAVID FLORES JR ET AL**          **CASE NO.  2:21-CV-04021**

**VERSUS**                         **JUDGE JAMES D. CAIN, JR.**

**SOUTHERN  RESPONSE  SERVICES  INC  MAGISTRATE JUDGE KAY
ET AL**


### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 32] filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by defendant Southern Response Services, Inc. ("SRS") and

seeking to dismiss the cross-claim [doc. 24] filed by defendant Belfor USA Group, Inc.

("Belfor"). Belfor opposes the motion. Doc. 34.

## I.
### BACKGROUND

This suit arises from work done by plaintiffs David Flores, Jr. and Matthew Sirmon

for SRS, a subcontractor of Belfor. Plaintiffs allege that they were hourly, non-exempt

employees of defendants who were hired as general laborers following Hurricane Laura in

2020. They further allege, *inter alia*, that defendants failed to pay them the rates for which

they contracted and to honor agreements relating to their expenses and compensation for

commute times. Doc. 1, att. 1.

Plaintiffs filed suit in the Fourteenth Judicial District Court, Calcasieu Parish,

Louisiana, against Belfor and SRS on September 23, 2021, raising several claims against

both defendants including violations of the Fair Labor Standards Act ("FLSA") and Louisiana Wage Payment Act ("LWPA"). *Id.* They also raise claims of breach of employment contract and detrimental reliance against SRS alone.[1] *Id.* at ¶¶ 123–39. Finally, they seek to represent a class consisting of a following on their claims:

> All former employees of the Defendants between August 2020 and December 2020, who came to Lake Charles to provide labor arising from Hurricane Laura, who suffered economic damages as a result of the acts and/or omissions of the named Defendants' mismanagement and for failure to pay wages, seeking recovery of unpaid overtime wages, engaged in unlawful business practices from David Flores, Jr., Matthew Sirmon and its members.

*Id.* at ¶ 18 (*sic*).

Belfor removed the suit to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. It then filed a cross-claim for indemnity against SRS under the terms of the Master Subcontract Agreement ("MSA"), which allegedly governed the parties' work in Southwest Louisiana in 2020 and which Belfor has attached to its cross-claim. Doc. 24. SRS now brings this motion to dismiss, asserting that any claim for indemnity is premature until the liability claims have been disposed of. Doc. 32.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus

---

[1] In an amended complaint they added a claim under Louisiana worker's compensation law based on defendants' alleged retaliatory discharge of Flores after he was injured on the job. *Id.* at pp. 86–87.

on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

Belfor attempts to analogize this issue to cases dealing with defense and indemnity. Its cross-claim makes reference to a duty to defend under the MSA. Doc. 24, ¶¶ 12, 18. However, the declaratory judgment claim and prayer for relief only request relief as to indemnification. Defense claims may be dealt with before liability, indemnity claims are not justiciable until a resolution on the main demand. *E.g.*, *Exxon Mobil Corp. v. Turner Indus. Group LLC*, 339 F. App'x 441, 446 (5th Cir. 2009). However, there is no procedural bar to asserting the claims in the same suit before a trial on the merits. *See Deggs v. Aprim Maintenance, LLC*, 2021 WL 1206592, at *5 (M.D. La. Mar. 30, 2021) (collecting cases).

When faced with such a claim, the court may in the interest of judicial economy, efficiency, and convenience of the parties simply defer its resolution until after liability is determined. *Id.* (citing *Winslow v. Am. Airlines, Inc.*, 2008 WL 4469962, at *2 (E.D. La. Sep. 29, 2008)). In this matter the court sees no justification for dismissing the claim and requiring Belfor to reassert it after liability has been dealt with. Nor is it necessary to address any defense claim now, separate from indemnity. *Accord Winslow*, 2008 WL 4469962 at *1. Accordingly, resolution of the issue will instead be stayed pending a determination of liability.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 32] will be **DENIED** and the cross-claim [doc. 24] filed against Southern Response Services, Inc. will instead be **STAYED** pending resolution of the plaintiffs' claims.

**THUS DONE AND SIGNED** in Chambers on the 29th day of August, 2022.


**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**