UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID FLORES JR., MATHEW SIRMON, ET AL.** | **CIVIL ACTION NO. 2:21-cv-04021** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHERN RESPONSE SERVICES, INC., BELFOR USA GROUP, INC., ET AL.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is Plaintiffs' Appeal of the Magistrate Judge's Ruling granting Defendant Belfor USA Group, Inc.'s ("Belfor") Motion to Bifurcate Case Management Schedule and Discovery.[1] Defendant Belfor opposes the Appeal.[2]

### I.   INTRODUCTION

This suit arises from work done by plaintiffs David Flores, Jr. and Matthew Sirmon for SRS, a subcontractor of Belfor. Plaintiffs allege as follows: They are hourly non-exempt employees who were hired by defendants as general laborers after Hurricane Laura in 2020.[3] Defendants employed at least as many as 100–150 workers for their disaster restoration work in Calcasieu Parish and the surrounding areas, and possibly over 2,000 workers throughout the state.[4] Flores contracted to work for $12/hour, with time and a half

---

[1] Doc. 85; Doc. 83; Doc. 75.

[2] Doc. 87.

[3] Doc. 13, att. 1, ¶ 26.

[4] *Id.* at ¶¶ 32–33.

over forty hours per week, plus $15/day per diem, food and lodging, and three hours' compensation for time spent traveling to and from the work site, with a predicted work schedule of 11 hours per day, seven days per week.[5] Sirmon was hired on a promise of wages of $1,000/week, $100/day per diem, travel time from Alabama, travel time for daily commute, and housing expenses.[6] After their arrival on August 30, 2020, plaintiffs were housed at a motel in Beaumont, Texas, and promised reimbursement for their travel expenses, which they never received.[7] SRS and Belfor exerted "extensive and continuous control" over the way plaintiffs and other hourly non-exempt employees conducted their work, including their arrival times, daily schedules and assignments, sign-in/out procedures, discipline procedures, employee meal and rest breaks, commutes, requiring employees to return to the work site after they had clocked out for meetings, and conditions for termination.[8]

Plaintiffs further allege that they and other similarly situated employees were required to take company vans from the motel to their work sites and were not paid for the wait time or commute.[9] They were not given lunch and dinner did not come until 11:00 pm at the motel, where defendants only provided enough food for about one quarter of the

---

[5] Doc. 13, att. 1, ¶ 27.

[6] *Id.* at ¶ 29.

[7] *Id.* at ¶¶ 28, 30.

[8] *Id.* at ¶ 31.

[9] *Id.* at ¶ 34.

workers employed.[10] Payroll was provided through a RapidCard and employees were assessed a fee of $3.00 each time they withdrew money from their accounts.[11] Defendants did not maintain a time clock, did not compensate employees for their commutes as promised, and regularly shaved time off from shift schedules.[12]

Plaintiffs filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, against Belfor and SRS, raising the following claims against both defendants: (1) failure to pay minimum wages as required by the Fair Labor Standards Act ("FLSA"); (2) failure to compensate for all hours worked as required by the Louisiana Wage Payment Act ("LWPA"); (3) failure to pay overtime for all hours worked as required by the FLSA; (4) failure to pay overtime for all hours worked as required by the LWPA; (5) failure to reimburse preemployment expenses as required by the FLSA; (6) failure to keep records as required by the FLSA; (7) unfair trade practices under the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"); and (8) unjust enrichment.[13] In an amended complaint they add a claim under Louisiana worker's compensation law based on defendants' alleged retaliatory discharge of Flores after he was injured on the job.[14] They also raise claims of breach of employment contract and detrimental reliance against

---

[10] *Id.* at ¶ 36.

[11] *Id.* at ¶¶ 35, 41–42.

[12] *Id.* at ¶¶ 34, 45, 48–49.

[13] *Id.* at ¶¶ 61–157.

[14] *Id.* at pp. 86–87.

SRS alone.[15] Finally, they seek to represent a class consisting of a following on their claims:

> All former employees of the Defendants between August 2020 and December 2020, who came to Lake Charles to provide labor arising from Hurricane Laura, who suffered economic damages as a result of the acts and/or omissions of the named Defendants' mismanagement and for failure to pay wages, seeking recovery of unpaid overtime wages, engaged in unlawful business practices from David Flores, Jr., Matthew Sirmon and its members.[16]

Belfor removed the Complaint to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[17] It then moved to dismiss all claims raised against it under Fed. R. Civ. P. 12(b)(6) and to strike the class allegations based on the following assertions: that (1) plaintiffs have failed to show that Belfor was their employer; (2) the claims are not suitable for class treatment under Rule 23; and (3) plaintiffs have failed to state a claim against Belfor under the LWPA.[18] The court denied the motions.[19] SRS then moved under Fed. R. Civ. P. 12(b)(6) to dismiss all Plaintiffs' claims against it.[20] The motion was granted in part and denied in part.[21]

---

[15] *Id.* at ¶¶ 123–39.

[16] *Id.* at ¶ 18 (sic).

[17] Doc. 1.

[18] Doc. 10, att. 1.

[19] Docs. 40, 41.

[20] Doc. 48.

[21] Doc. 61. The court dismissed the following claims against SRS: unjust enrichment, recordkeeping violations, and LWPA violations to the extent they are based on failure to pay overtime or minimum wages. *Id.*

Belfor then filed a Motion to Bifurcate the case management schedule and discovery into two phases: Phase I ("Certification Phase") and Phase II ("Merits Phase").[22] SRS did not oppose the motion.[23] Plaintiffs filed an opposition.[24] "For reasons set forth in the motion," Magistrate Judge Kay granted Belfor's Motion to Bifurcate.[25] Judge Kay then directed parties "to confer, confect, and present to the court a Scheduling Order for Phase I of this litigation," and Judge Kay held that if parties could not agree on the Scheduling Order by July 7, 2023, then they would go to the court for resolution.[26]

Plaintiffs then filed an Appeal of the Magistrate Judge's decision to grant the Motion to Bifurcate.[27] Plaintiffs argue that the Scheduling Order for Phase I should include a requirement that Defendants produce a full list of names and contact information of putative and collective members.[28] Defendant Belfor filed a Motion in Opposition to the Appeal.[29]

---

[22] Doc. 75.

[23] *Id.*

[24] Doc. 78.

[25] Doc. 83.

[26] *Id.*

[27] Doc. 85.

[28] *Id.*

[29] Doc. 87.

## II.     STANDARD FOR REVIEWING MAGISTRATE JUDGE RULINGS

Regarding magistrate judge's decisions in pretrial matters and subsequent review of those decisions, Fed. R. Civ. P. 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

## III.     LAW AND ANALYSIS

Plaintiffs "object [to] the granting of the Order of Phase I" because there is no requirement that Defendants must disclose full names and contact information of putative class and collective members, and additionally, Judge Kay has not specifically ordered there to be such a requirement.[30] Plaintiffs also argue that this case is one where "early notice" with minimal pre-certification discovery would be appropriate.[31]

*Swales v. KLLM Transport Services, L.L.C* provides the district courts with the framework for how to enforce the Fair Labor Standard Act's "similarly situated" requirement. 985 F.3d 430, 434 (5th Cir. 2021); 29 U.S.C. § 216(b). From the outset, district courts must authorize preliminary discovery that will be material in determining which potential members of the class are "similarly situated." *Id.* at 441.   Prior to

---

[30] Doc. 85 at 9.

[31] *Id.*

certification of the class, courts are permitted to address issues intertwined with the merits of the case only if doing so will aid in determining the necessity and scope of notice for potential opt-in plaintiffs. *Id.* at 442. The Fifth Circuit holds that "the district court[s] [have] broad litigation management discretion" when determining whether employees are "similarly situated." *Id.* The level of preliminary discovery required to make such a determination depends on the facts of a particular case. *Id.* at 441.

Judge Kay's grant of the Motion to Bifurcate the case management schedule and discovery into two phases is in accordance with *Swales,* which holds that the district court must "rigorously scrutinize the realm of 'similarly situated' workers" before jumping into the merits of the case. *Id.* at 434. Judge Kay's ruling follows the case law, and therefore, the Court finds she did not act erroneously or contrary to law when granting the Motion to Bifurcate. Further, Judge Kay ordered that "the parties are to confer, confect, and present to the court a Scheduling Order for Phase I" and that if "the parties be unable to agree" by July 7, 2023, "they are to contact the court for resolution."[32] The parties have not presented a Scheduling Order for Phase I to the court, and the deadline has not passed for the court to resolve the disagreement between the parties. Therefore, Plaintiff is only objecting to Belfor's proposed scheduling order.[33] Because Judge Kay has yet to approve or deny a Scheduling Order for Phase I, the issue that the Scheduling Order lacks certain

---

[32] Doc. 83.

[33] Doc. 85.

requirements is not yet ripe. Accordingly, any other issues pertaining to the defined scope of preliminary discovery are also not ripe.

## IV.    CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Plaintiffs' Appeal of Magistrate Judge Kay's Ruling Granting Belfor's Motion to Bifurcate, and objections therein, are **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 27th day of June 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE