**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DAVID FLORES JR ET AL** | : | **CASE NO.  2:21-CV-04021** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHERN RESPONSE** | | |
| **SERVICES INC ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## SCHEDULING ORDER FOR CERTIFICATION PHASE

### Certification Phase Deadlines

The Court previously ordered bifurcation of the case management schedule and discovery of this matter into the following phases: (i) Phase I (the "Certification Phase") during which the Court will consider and address whether certification of the Fair Labor Standards Act ("FLSA") collective action and/or certification of the Rule 23 class action against Defendants is appropriate; and (ii) Phase II (the "Merits Phase"), during which the Court will allow discovery and address the merits of Plaintiffs' individual claims and, if the Court finds certification of the FLSA collective action and/or Rule 23 class appropriate during Phase I, the merits of the claims asserted by any opt-in plaintiffs or class members.  Doc. 83.  Having conducted a status conference on January 30, 2025, with the parties to establish protocols governing the Certification Phase of litigation in this matter, it is hereby

**ORDERED** that the following deadlines apply to the Certification Phase discovery and motion practice:

1. <u>Initial Disclosures</u>:  14 days from the date of this Order.

2. <u>Certification Phase Discovery deadline (excluding expert discovery)</u>:  120 days from the date of this Order.

3. <u>Plaintiff(s) expert(s) disclosures</u>: 120 days from the date of this Order.

4. <u>Defendants' expert(s) disclosures</u>: 150 days from the date of this Order.

5. <u>Plaintiffs' motion for Rule 23 class action and FLSA collective action certification</u>: 120 days from the date of this Order.

6. <u>Defendants' responses to Plaintiffs' motion for Rule 23 class action and FLSA collective action certification</u>:  30 days after filing and service of Plaintiffs' motion for Rule 23 class action and FLSA collective action certification.

7. <u>Plaintiffs' reply to Defendants' responses to Plaintiffs' motion for Rule 23 class action and FLSA collective action certification</u>:  Plaintiffs must reply to each Defendant's response within 15 days after the filing and service of the Defendant's response.

During the Certification Phase, the court will "rigorously scrutinize the realm of 'similarly situated' workers" and make a determination as to whether plaintiffs may provide an opt-in notice to others similarly situated.[1]  The parties shall pursue discovery narrowly tailored to the issue of whether certification of an FLSA collective action and/or Rule 23 class action is appropriate.

To that end it is **FURTHER ORDERED** that within 30 days from the date of this Order, each party shall prepare and file into the record proposed discovery requests pertaining to the Certification Phase to be served on the opposing party(ies).  The proposed discovery requests must be tailored to, and are limited by, the scope of Certification Phase discovery, as described below. Any party to whom proposed discovery requests are intended to be directed may file objections to

---

[1] *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021).

those proposed discovery requests within 15 days of such proposed discovery being filed into the record, with such objections being limited solely to the issue of whether the discovery exceeds the scope of Certification Phase discovery (all other objections being reserved to the parties).   The Court will address those objections, which will result in a set of discovery to which responses will be required, within the bounds set by the Federal Rules of Civil Procedure.

## Scope of Certification Phase Discovery

Plaintiffs Flores and Sirmon (collectively, "Named Plaintiffs"), former Southern Response Services Inc. ("SRS") employees, brought a putative collective action and class action against SRS and Belfor USA Group, Inc. ("Belfor"), alleging violations of the FLSA and other causes of action arising under Louisiana law, including the Louisiana Unfair Trade Practices Act ("LUTPA").  Doc. 1, att. 1, p. 5 (petition).[2]  Named Plaintiffs allege they were hourly non-exempt employees who were hired by defendants as general laborers after Hurricane Laura in 2020, who traveled to the Lake Charles area in reliance on certain assurances as to housing and compensation, and who were systematically under compensated in a variety of ways, including non-compensation for travel time and overtime and under-compensation for actual hours worked or spent on the jobsite.  Doc. 13, att. 1, pp. 4-6, 12-17.  Named Plaintiffs define the class/collective in this matter as

> All former employees of the Defendants between August 2020 and December 2020, who came to Lake Charles to provide labor arising from Hurricane Laura, who suffered economic damages as a result of the acts and/or omissions of the named Defendants' mismanagement and for failure to pay wages, seeking recovery of

---

[2] An amended complaint adds a retaliatory discharge claim against SRS under the Louisiana Workers' Compensation law on behalf of Flores, who was discharged after being injured on the job.  Doc. 13, att. 1, p. 86.   Certain of Named Plaintiffs' Louisiana-law based claims were dismissed.  Doc. 60 (including Named Plaintiffs' claims for minimum and overtime wages under the Louisiana Wage Payment Act, as preempted by the FLSA, Named Plaintiffs' claims for record-keeping violations under La. R.S. 23:14, and claims for unjust enrichment).  Named Plaintiffs' LUTPA claims survived the motion to dismiss, *id.*; however, the Court questions whether such claims can be maintained as a class action.  *See Landreneau v. Fleet Fin. Grp.*, 197 F. Supp. 2d 551, 557 (M.D. La. 2002) ("Both federal and state court jurisprudence confirms that private individuals may not assert class actions under LUTPA.") (citing *Montegut v. Williams Communs., Inc.,* 109 F. Supp.2d 496, 498 (E.D. La. 2000); *Morris v. Sears, Roebuck & Co.*,765 So.2d 419, 421 (La. App. 4th Cir. 2000)).

3

unpaid overtime wages, engaged in unlawful business practices from David Flores, Jr., Matthew Sirmon and its members[.]

Doc. 13, att. 1, p. 8 (grammatical inconsistencies in original).

Having reviewed the letter briefs of the parties concerning the scope of discovery [docs. 95, 96 & 99], and mindful of the obligation to identify "what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated[,]'"[3] it is hereby

**FURTHER ORDERED** that the scope of discovery during Phase I shall be limited to:

- Formal and informal policies, practices, and procedures used by Belfor and/or SRS relating to recruiting, hiring, scheduling, timekeeping, housing, boarding, compensating, transporting, and/or reimbursing general laborers and machine operators who performed work in Calcasieu Parish, Louisiana, from August 1, 2020, to December 31, 2020, including, but not limited to, any policies, practices, and procedures relating to whether time traveling to and from the jobsite and time otherwise spent at the jobsite qualified for compensation or reimbursement;

- Information related to the number of persons employed by Belfor and/or SRS in Calcasieu Parish, Louisiana, as general laborers and/or machine operators from August 1, 2020, to December 31, 2020; and

- Individualized discovery to each of the Named Plaintiffs consistent with the scope outlined in the first bullet point above and focused on determining whether they are similarly situated employees and/or belong to a group of similarly situated employees.

- Notwithstanding the foregoing, during Certification Phase discovery, Defendants shall not be obligated to provide a list of potential class/collective action members, or otherwise

---

[3] *Swales*, 985 F.3d at 441.

produce personal identifying information (e.g., names, addresses, telephone numbers, email addresses, etc.) for such potential class/collective action members that would permit Named Plaintiffs to identify and provide notice of this lawsuit to such persons.[4]  To the extent any discovery conducted during the Certification Phase calls upon Defendants to disclose information that would contain such precluded personal identifying information for persons other than Named Plaintiffs, Defendants shall redact such information from the responsive materials and shall establish and maintain a system of random identifiers (which could include employer-generated employee numbers) that would be used to correlate the responsive materials and redacted information to the person to whom those materials and that information relates without disclosing the person's identity.[5]

**THUS DONE AND SIGNED** in chambers this 3rd day of February, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Swales* "provid[ed] a workable, gatekeeping framework for assessing, at the outset of litigation, *before* notice is sent to potential opt-ins, whether putative plaintiffs are similarly situated."  985 F.3d at 433 (emphasis in original).
[5] By way of example and explanation, if Defendants are required to produce records for employees John Doe, James Smith and Tom Citizen, Defendants would assign random numbers to each employee—maybe something like John Doe is "SRS0001", James Smith is "SRS0002", and Tom Citizen is "SRS0003"—and then use those numbers, in lieu of names, to identify each record that pertains to each such employee.