**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DAVID FLORES JR ET AL** | : | **CASE NO.  2:21-CV-04021** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHERN RESPONSE SERVICES INC ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

The Court issued a *Scheduling Order for Certification Phase* (the "Scheduling Order"), which identified the scope of Certification Phase Discovery and ordered that "each party shall prepare and file into the record proposed discovery requests pertaining to the Certification Phase to be served on the opposing party(ies)."  Doc. 105, p. 2.  The Scheduling Order allowed any party to object to any of the requests directed to that party, with such objections being limited solely to the issue of whether the request exceeds the scope of Certification Phase Discovery.  *Id.* at 2-3. Plaintiffs David Flores, Jr. and Matthew Sirmon (collectively, the "Named Plaintiffs") and Defendants Southern Response Services, Inc. ("SRS") and Belfor USA Group, Inc. ("Belfor") (collectively, "Defendants") have submitted their requests and objections.  Having considered the parties' proposed discovery requests [docs. 106-117] and the objections thereto [docs. 118-121],

**IT IS HEREBY ORDERED** that all parties' Certification Phase Discovery requests are approved except as stated herein.  Consistent with the Scheduling Order, each party continues to retain the right to object to any request for any reason other than its relevance to Certification Phase Discovery.

1

## I.
### DEFENDANT SRS'S DISCOVERY REQUESTS

Plaintiffs' objections to Defendant SRS's discovery requests [doc. 121, pp. 13-14] are overruled. For the reasons stated in Part II.B, *infra*, these discovery requests have potential relevance to the question before the Court during the certification phase. Accordingly, *Southern Response Services, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff David Flores, Jr.* [doc. 106] and *Southern Response Services, Inc.'s First Set of Interrogatories and Requests for Production of Documents to Plaintiff Matthew Sirmon* [doc. 107] are approved as consistent with the scope of Certification Phase Discovery.

## II.
### DEFENDANT BELFOR'S DISCOVERY REQUESTS

Defendant Belfor submitted substantively identical interrogatories and requests for production to each of the Named Plaintiffs:

- *Defendant's First Set of Interrogatories to Plaintiff David Flores, Jr.* [doc. 108];
- *Defendant's First Set of Requests for Production of Documents to Plaintiff David Flores, Jr* [doc. 109];
- *Defendant's First Set of Interrogatories to Plaintiff Matthew Sirmon* [doc. 110]; and
- *Defendant's First Set of Requests for Production of Documents to Plaintiff Matthew Sirmon* [doc. 111].

Having reviewed Defendant Belfor's discovery requests and Plaintiffs' objections [doc. 112, pp. 1-13], Belfor's discovery requests are approved except as noted herein.

**A.    The court approves Belfor's discovery requests to which Plaintiffs do not object.**

Plaintiffs do not object to Belfor's Interrogatory Nos. 3, 4, 5, 15, 16, 17, and Request for Production Nos. 4 and 7. These discovery requests are approved as consistent with the scope of Certification Phase Discovery.

2

**B.**    **Plaintiffs' objections to Belfor's Interrogatory Nos. 1, 12, 14, and 18 and Belfor's Request for Production Nos. 1, 4, 5 and 6 are overruled.**

The Scheduling Order authorizes individualized Certification Phase Discovery as to the Named Plaintiffs "focused on determining whether they are similarly situated employees and/or belong to a group of similarly situated employees." Doc. 105, p. 4.  As stated in the Scheduling Order,

> Named Plaintiffs allege they were hourly non-exempt employees who were hired by defendants as general laborers after Hurricane Laura in 2020, who traveled to the Lake Charles area in reliance on certain assurances as to housing and compensation, and who were systematically under compensated in a variety of ways, including non-compensation for travel time and overtime and under-compensation for actual hours worked or spent on the jobsite.

Doc. 105, p. 3 (citing Doc. 13, att. 1, pp. 4-6, 12-17).  Plaintiffs define the class/collective in this matter as including former Belfor and/or SRS employees who, "between August 2020 and December 2020, [ . . . ] came to Lake Charles to provide labor arising from Hurricane Laura, who suffered economic damages as a result of the acts and/or omissions of the named Defendants' mismanagement and for failure to pay wages [ . . . ]" *Id.* (citing doc. 13, att. 1, p. 8)(omissions added).

Plaintiffs objected to Belfor's Interrogatory Nos. 1, 12, 14, and 18 and Belfor's Request for Production Nos. 1, 4, 5, and 6.  These objections are overruled, and Belfor's Interrogatory Nos. 1, 12, 14, and 18 and Belfor's Request for Production Nos. 1, 4, 5, and 6 are approved as consistent with Certification Phase Discovery and specifically with the scope of individualized discovery described above.

**C.**    **Plaintiff's objections to Belfor's Interrogatory Nos. 6, 7, 8, 11, and 13 are sustained as inconsistent with Certification Phase Discovery.**

Plaintiffs also filed objections to Belfor's Interrogatory Nos. 6, 7, 8, 11, and 13.  Although these interrogatories are standard discovery requests, they are beyond the scope of Certification

3

Phase Discovery because they do not pertain to either Defendants' policies and practices or individualized discovery to determine whether Named Plaintiffs belong to a group of similarly situated employees.  Accordingly, Plaintiffs' objections are sustained, and Belfor's Interrogatory Nos. 6, 7, 8, 11, and 13 are excluded from Certification Phase Discovery.

**D.      Plaintiffs' remaining objections are sustained in part.**

Plaintiffs object to Belfor's Interrogatory No. 9, which pertains to experts Plaintiffs intend to call at trial.  This request is outside the scope of Certification Phase Discovery, except to the extent that Plaintiffs may have retained experts to opine on issues specific to class certification.  Accordingly, Plaintiffs' objection to Interrogatory No. 9 is sustained in part, such that Plaintiffs' obligation to respond is limited to identifying experts retained for the purposes of the Certification Phase.

Plaintiffs object to Belfor's Interrogatory Nos. 2 and 10 and Belfor's Request for Production Nos. 2–3.  These requests seek to identify people who have knowledge of facts underlying Named Plaintiffs' claims and documentary evidence regarding any matters alleged in the Complaint.  Again, although these are standard discovery requests, they exceed the scope of Certification Phase Discovery in that they seek *some* materials that are irrelevant to the current question before the court: whether Named Plaintiffs belong to a class of similarly situated employees affected by Defendants' policies and practices.  Accordingly, Plaintiffs' objections to Belfor's Interrogatory Nos. 2 and 10 and Belfor's Request for Production Nos. 2–3 are sustained in part, such that Plaintiffs' obligation to respond to these requests is limited to the identification of individuals with knowledge as to facts within the scope of Certification Phase Discovery and the disclosure of information with direct relevance to the Certification Phase.

## III.
### PLAINTIFFS' DISCOVERY REQUESTS

The Named Plaintiffs each submitted substantively identical discovery requests to Defendants SRS and Belfor:[1]

- *Plaintiffs Flores's First Preliminary Interrogatories and Requests for the Production of Documents to Defendant Southern Response Services Inc.* [doc. 112];

- *Plaintiffs Flores's First Preliminary Interrogatories and Requests for the Production of Documents to Defendant Belfor USA Group, Inc.* [doc. 113];

- *Plaintiffs Sirmon's First Preliminary Interrogatories and Requests for the Production of Documents to Defendant Southern Response Services, Inc.* [doc. 114]; and

- *Plaintiffs Sirmon's First Preliminary Interrogatories and Requests for the Production of Documents to Defendant Belfor USA Group, Inc.* [doc. 115].

These discovery requests are herein referenced collectively as "Plaintiffs' Discovery Requests." SRS [doc. 118] and Belfor [docs. 119, 120] each submitted separate objections to the Plaintiffs' Discovery Requests.  The Plaintiffs' Discovery Requests are approved as consistent with Certification Phase Discovery except as noted herein.

**A.      The court approves Plaintiffs' Discovery Requests to which neither Defendant objects.**

Neither Defendant raises an objection to the substance of these discovery requests, and they are approved as consistent with the scope of Certification Phase Discovery:  Plaintiffs' Interrogatories numbered 9, 11–17, and 19–21; and Plaintiffs' Requests for Production numbered 17, 19, 21, 25, and 34.[2]

---

[1] Plaintiffs also submitted duplicative Requests for Production to each Defendant [docs. 116, 117], which are disregarded as redundant.  *See* docs. 112 and 113.

[2] On the face of the submissions, it appears that Belfor objected to many of the listed discovery requests.  Docs. 119, 120.  On further inspection, Belfor's objection to the substance of Interrogatory No. 10 is mislabeled as an objection to Interrogatory No. 9, and every interrogatory objection thereafter is misnumbered. Doc. 119, p. 6.  The numbering of Belfor's RFP objections is similarly afflicted.

**B.** **The court approves Plaintiffs' Discovery Requests seeking basic facts as to Named Plaintiffs' employment.**

SRS does not object to Plaintiffs' Interrogatories numbered 1, 3, 5–7, and 18, and Plaintiff's Requests for Production numbered 1, 3, 5, 7, 9, 11, 13, 15, 23. Belfor objects[3] that these requests seek information beyond the scope of Certification Phase Discovery because irrelevant to Belfor's policies, practices, and procedures.  Belfor does not object to Request for Production Nos. 30 and 32, but SRS objects that these requests are outside the scope of Certification Phase issues, such as recruiting, hiring and timekeeping.

Belfor's and SRS's objections to these discovery requests are overruled. The Scheduling Order contemplates individualized discovery as to the Named Plaintiffs to determine whether they belong to a group of similarly situated employees.  Doc. 105, p. 4.  The contemplated scope of discovery includes disclosures as to basic details of Named Plaintiffs' employment, including who employed them, jobsites where they worked, dates and hours worked, job titles and job duties, the manner in which they were recruited and lodged, representations regarding compensation and expense reimbursement, and recordkeeping as to their work, transportation, lodging, travel, reimbursements, and the like.  Accordingly, the following Plaintiffs' Discovery Requests are approved as consistent with the scope of Certification Phase Discovery over Belfor's and SRS's objections:  Plaintiffs' Interrogatories numbered 1, 3, 5–7, and 18;[4] and Plaintiff's Requests for Production numbered 1, 3, 5, 7, 9, 11, 13, 15, 23, 30, and 32.

---

[3] Belfor's objection to the substance of Request for Production No. 23 is mislabeled as objection to Request for Production No. 19.

[4]  Belfor's objection to the substance of Interrogatory No. 18 is mislabeled as an objection to Interrogatory No. 10.

**C.**      **The court sustains in part Defendants' objections to requests that would require individualized search and response as to employees other than Named Plaintiffs.**

Both Defendants object to Plaintiffs' Requests for Production numbered 2, 4, 6, 8, 18, 24 and 26 on similar bases, *i.e.*, to the extent the requests require individualized search for and response as to information specific to employees other than the Named Plaintiffs they are beyond the scope of Certification Phase Discovery. *See* Doc. 118, pp. 3–7; doc. 119, pp. 9–11, 15–16. The Scheduling Order does not contemplate individualized discovery as to any potential class members other than Named Plaintiffs. Defendants' objections are sustained in part, insofar as Defendants' obligation to respond to Plaintiffs' Requests for Production Nos. 2, 4, 6, 8, 18, 24 and 26 is limited to the production of generally applicable policies, procedures, and other documents responsive to the request, as well as to any responsive documents specific to the Named Plaintiffs. Defendants' objections to these requests are otherwise overruled.

Similarly, Belfor objects to Plaintiffs' Requests for Production Nos. 10, 12, 14, 16, and 31[5] on the basis that the requested materials are outside the scope of "policies, practices, and procedures" used by Belfor and that some members of the Flores and Sirmon Comparator Subgroups are not general laborers and/or machine operators. SRS does not object to these requests. Belfor's objections are sustained in part, insofar as Defendants' obligation to respond to Requests for Production Nos. 10, 12, 14, 16, and 31, will be limited to generally applicable policies, procedures, and other documents responsive to the requests, as well as to any responsive documents specific to the Named Plaintiffs. Belfor's objections to these requests are otherwise overruled.

---

[5] Belfor's objection to the substance of Request for Production No. 31 is mislabeled as objection to Request for Production No. 25.

In the same vein, SRS's objections to Interrogatory No. 22 and Request for Production Nos. 20 and 22 are sustained in part.  SRS objects to these requests as outside the scope of Certification Phase Discovery to the extent they call for individualized search and response for each potential class member.  SRS's objection is sustained in part, insofar as Defendants' obligation to respond to Interrogatory No. 22 and Request for Production Nos. 20 and 22 will be limited to generally applicable policies, procedures, and other documents responsive to the request, as well as to any responsive documents specific to the Named Plaintiffs.  SRS's objections to Interrogatory No. 22 and Request for Production Nos. 20 and 22 and any objections by Belfor to these requests are otherwise overruled.

Both Defendants object to Plaintiffs' Interrogatory No. 23 and Request for Production No. 33 as beyond the scope of Certification Phase Discovery.  Both Defendants' objections to Interrogatory No. 23 and Request for Production No. 33 are sustained.  The methods by which Defendants determined that their employees (other than Named Plaintiffs) had lawful work authorizations may be relevant to this case at some point in the future, but not at the class certification phase.  Defendants are not required to provide responses to Interrogatory No. 23 and Request for Production No. 33 of Plaintiffs' Discovery Requests because these requests fall outside the scope of Certification Phase Discovery.

**D.      The Court approves Plaintiffs' Discovery Requests as seeking facts that directly impact Named Plaintiffs' employment.**

The Court provides clarifying guidance as to the following requests for information that directly impacted the nature of Named Plaintiffs' employment.

SRS does not object to Interrogatory No. 2 or Request for Production Nos. 27–28, which collectively seek information as to the contractual or other relationship(s) between SRS and Belfor and/or third parties with respect to Named Plaintiffs' employment.  Belfor objects that such

8

information is outside the scope of Certification Phase Discovery because irrelevant to the policies, practices, and procedures described in the Scheduling Order. Belfor's objection to Interrogatory No. 2 and to the substance of Request for Production Nos. 27 and 28[6] are overruled. The Court interprets these requests as seeking information pertaining to contractual or other relationships that directly impacted the Named Plaintiffs' recruitment, hiring, pay, separation, etc., which is within the scope of contemplated Certification Phase Discovery.

SRS does not object to Interrogatory No. 10, which seeks information regarding those who supervised the Named Plaintiffs. Belfor's objection to the substance[7] of Interrogatory No. 10 is sustained in part insofar as Defendants are not obligated to disclose the contact information of such individuals at this time. Belfor's objection to Interrogatory No. 10 is otherwise overruled because the identity of Named Plaintiffs' supervisors falls within the scope of individualized discovery as to Named Plaintiffs.

**E.      The Court sustains in whole or in part Defendants' objections to Plaintiffs' discovery requests pertaining to the number/identity of individuals employed in various capacities.**

Belfor objects to Interrogatory No. 4 on the basis that Belfor is only required to disclose the anonymous reference number of each employee who worked on the Hurricane Laura Cleanup Project in Calcasieu Parish, Louisiana, that were "general laborers and/or machine operators." Doc. 119, p. 3-4. Belfor's objection to Interrogatory No. 4 is sustained in part. In responding to Interrogatory No. 4, Defendants are not obligated to list (by anonymous reference or otherwise) *every* employee who worked on Hurricane Laura Cleanup. Consistent with the Scheduling Order, Defendants should identify by persistent anonymous reference number any general laborer and/or

---

[6] Belfor's objection to the substance of Request for Production Nos. 27 and 28 are mislabeled as objections to Request for Production Nos. 22 and 23, respectively.

[7] Belfor's objection to the substance of Interrogatory No. 10 is mislabeled as an objection to Interrogatory No. 9.

machine operator who worked on the Hurricane Laura Cleanup Project at any jobsite within Calcasieu Parish at any time between August 1, 2020 through December 31, 2020, as well as any other individual in the Flores or Sirmon Comparator Subgroups, as defined in Plaintiffs' Discovery Requests.

Plaintiffs request at Interrogatory No. 8 that Defendants identify by persistent anonymous reference number employees who worked as general laborers, machine operators, and/or held the same job titles or job duties as the Named Plaintiffs.  Doc. 112, p. 5-6.  Belfor objects that the anonymous reference numbers that identify individuals that shared Named Plaintiffs' job titles or job duties may be outside of the scope of general laborers and/or machine operators, as directed by the Court's Scheduling Order for Certification Phase. Doc. 105, p. 4.  SRS does not object to Interrogatory No. 8.  Consistent with the foregoing, Belfor's objection to Interrogatory No. 8 is overruled.  The Scheduling Order contemplated discovery related to "the number of persons employed by Belfor and/or SRS in Calcasieu Parish, Louisiana, as general laborers and/or machine operators from August 1, 2020 to December 31, 2020" as well as discovery focused on determining whether Named Plaintiffs belong to a group of similarly situated employees.  Doc. 105, p. 4. Plaintiffs' request is geared at identifying (by anoymous reference) any employees whose duties were the same as Named Plaintiffs', even if their job titles differed.  This is within the scope of contemplated discovery.

SRS does not object to Request for Production No. 29, which seeks certain crew sheets. Doc. 112, p. 18.  Belfor objects[8] that the term "workers" in Request for Production No. 29 places this request beyond the scope of general laborers and machine operators who performed at the Hurricane Laura Cleanup Project in Calcasieu Parish, Louisiana.  Belfor's objection is sustained

---

[8] Belfor's objection to the substance of Request for Production No. 29 is mislabeled as an objection to Request for Production 24.

in part, insofar as Defendants' obligation to respond to Request for Production No. 29 is limited to responsive documents affecting those in the Flores and Sirmon Comparator Subgroups.  Belfor's objection is otherwise denied.

**IT IS HEREBY FURTHER ORDERED** that all discovery requests approved by this Memorandum Order, subject to any limitations or qualifications set forth in this Memorandum Order, are deemed to have been served by the requesting party upon the responding party as of the date of this Memorandum Order, and responses are due within thirty (30) days after such service and otherwise in accordance with the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in chambers this 25th day of June, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**