**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DAVID FLORES, JR.** | : | **DOCKET NO. 2:21-cv-04021** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHERN RESPONSE SERVICES, INC., ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a Motion to Compel Plaintiffs' Initial Disclosures and Written Discovery Responses [doc. 143] filed by defendant Southern Response Services, Inc ("SRS"). The time for response has passed with none being filed, making this motion unopposed and ripe for resolution. For reasons set forth below, the court finds the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiffs, David Flores, Jr., and Matthew Sirmon, brought a putative collective action and class action against defendants SRS and Belfor USA Group, Inc. ("Belfor"), alleging violations of the Fair Labor Standards Act and other causes of action arising under Louisiana law, including the Louisiana Unfair Trade Practices Act ("LUTPA"). *See* doc. 1, at. 1, p. 5. Pursuant to *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), this Court bifurcated discovery in this action into two phases: Phase I (Certification) and Phase II (Merits). Doc. 83 (affirmed at doc. 90). On February 3, 2025, this Court entered a Phase I Scheduling Order setting certification discovery and motion deadlines. Doc. 105. Under this order, the parties were required to serve

initial disclosures by February 17, 2025, and submit their written discovery requests for Court approval on March 6, 2025. *Id*.

On March 6, 2025, SRS e-filed and served its first set of interrogatories and requests for production on plaintiffs. Doc. 106. Plaintiffs e-filed and served their objections on March 20, 2025 (doc. 121), and on June 25, 2026, this Court ruled on plaintiffs' objections and ordered responses to the approved discovery requests within thirty (30) days or by July 25, 2026, (doc. 130, at p. 11). The parties agreed to extend that deadline to August 19, 2026. Doc. 143. As of the filing of the current motion, SRS had not received either plaintiffs' initial disclosures or plaintiffs' responses to its written discovery, despite repeated efforts to obtain those items and plaintiffs' repeated assurances the responses would be forthcoming. *Id*. at 1.

SRS now seeks an order from this court compelling plaintiffs to respond to SRS's discovery requests and to provide their initial disclosures. Doc. 143. SRS also asks the court to award it reasonable expenses incurred in filing the motion to compel. *Id.* at 2. The time for response to SRS's motion has passed, and no opposition was filed. The court will therefore treat the motion as unopposed.

## II.
## LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or discovery." Specifically, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Additionally, a party may move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents

as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). The party resisting discovery has the burden of proving the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Plaintiffs failed to file an opposition to the instant motion within the time period allowed under the Court's Notice of Motion Setting [doc. 144]. Accordingly, plaintiffs have not met their burden to show how the discovery sought is irrelevant or otherwise objectionable. *See Clark v. Schlumberger Tech. Corp.*, No. 18-CV-93, 2019 WL 13253890, at *2 (W.D. Tex. Oct. 30, 2019) (citing *Quarles*, 894 F.2d at 1485)). Accordingly, the court grants the motion on the merits. The court does not see any reason not to award defendant attorney's fees and costs.

## III.
## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion to Compel Discovery [doc. 143] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs David Flores, Jr. and Matthew Sirmon shall fully respond to defendant's first set of discovery requests [doc. 106], as previously ordered by this Court's Memoranda Order [doc. 130]. These responses are due within 21 days of the signing of this order.

**IT IS FURTHER ORDERED** plaintiffs David Flores, Jr. and Matthew Sirmon shall make their initial disclosures as ordered by this Court [doc. 105]. These disclosures are due within 21 days of the signing of this order.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorneys' fees, is awarded against plaintiffs David Flores, Jr. and Matthew Sirmon pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that, within 10 days of the signing of this order, defendant shall file into the record a statement of fees and costs incurred in filing this motion, which shall be supported by an affidavit setting forth the hours expended for the activities described in the statement, who performed the services, and the hourly rate applied to those hours. Plaintiffs may submit a response to these documents within 7 days after they are filed into the record.

THUS DONE AND SIGNED in Chambers this 23rd day of November, 2026.



THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE